### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BRIAN HEALY, BRUCE LEE ANDRADE, CIRCO GROUP, LLC.** PLAINTIFFS | |
| v. | CASE NO. **18-CV-1754 JAG** |
| **JOSE MANUEL MARTINEZ-RIVERA, JOHN DOE, JANE DOE** DEFENDANTS | |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW,** The Plaintiffs, CIRCO GROUP, LLC; BRIAN HEALY, and BRUCE LEE ANDRADE; through the undersigned attorney, as for their Complaint against the Defendants, respectfully **STATE, ALLEDGE AND PRAY** AS FOLLOWS:

### I.    JURISDICTION AND VENUE

1. This Honorable Court has original diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, as this case involves parties that are citizens and domiciles of different states.  Venue is proper in this Court pursuant to 28 U.S.C § 1391 (b) and (c), given that Defendants' are citizens or are doing business in the Commonwealth of Puerto Rico and the claims alleged in this Verified Complaint arose within this District.

### II.    NATURE OF THE ACTION

2. This is a civil action for personal and emotional injuries arising from malicious prosecution and libel arising from a frivolous lawsuit filed by Defendant against Plaintiffs at the San

Juan Superior Court in the Commonwealth of Puerto Rico (Civil Case #K PE2014-1389 (808)).

3. Plaintiffs seek to recover damages from Defendants under Puerto Rico Tort Statue, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31, §5141; and under Puerto Rico Libel Law of 1902, P.R. Laws Ann. Tit. 32, §3141-3149.

## III.   THE PARTIES

4. At the time of the events, Plaintiff, Circo Group, LLC; was a duly registered Limited Liability Company within the Commonwealth of Puerto Rico (Registration Num. 342). Amongst Circo Group, LLC's holdings is Circo Bar a very popular bar within Puerto Rico and the Caribbean.  Circo Group LLC's office address is 650 Calle Condado, San Juan, PR.

5. At the time of the events, Plaintiff, Brian Healy, was the Resident Agent and employee of Circo Group, LLC and General Manager of Circo Bar; and is a resident and domiciled in Condominio Stella Maris Apt. 9-A, #2 Condado Ave., San Juan, PR  00907.

6. At the time of the events, Plaintiff, Bruce Lee Andrade, was employee of Circo Group, LLC and Manager/Supervisor of Circo Bar; and is a resident and domiciled in Condominio Stella Maris Apt. 9-A, #2 Condado Ave., San Juan, PR  00907.

7. Defendant Jose Manuel Martinez-Rivera, a former employee of Circo Bar, filed K PE2014-0885 at the San Juan Superior Court in the Commonwealth of Puerto Rico.  Said Complaint was filed frivolously and maliciously against Plaintiffs claiming unjustified dismissal, sexual harassment, unpaid salaries, and damages.  Upon information and belief, his address is 1885 El Paseo St., Apt. 33207, Houston, TX 77504.

8. John and Jane Doe are natural persons who may also be responsible for the claims included herein, whose identities are not presently known, and who may be citizens of a state other than Puerto Rico.  These Defendants are joint tortfeasors who could be liable to Plaintiff's claims.

## IV.   STATEMENT OF FACTS

9. Circo Bar is one of Puerto Rico's largest and worldwide recognized bar located at #650 Condado Street, San Juan, PR 00907. Circo Bar has been host to several recognized international events through its over nine (9) year existence.  Public attendance to Circo Bar during a regular week approximately three thousand (3,000) guests.

10. Plaintiffs are Managers/Supervisors at Circo Bar.

11. Defendant Jose Manuel Martinez-Rivera was hired as a "Bartender" at Circo Bar and signed an employment agreement with Circo Bar in October 2013.

12. A Bartender is responsible but not limited to:

   a. Keeping his work area clean.

   b. Serving drinks to the bars clientele.

   c. Keeping inventory of what is used and what is needed n the bar area of the establishment.

   d. Charging clients for the prepared drinks as requested by them.

   e. At the closing of his shift Bartender is to tally the cash register and keep record of transactions.

13. At the beginning of his employment at Circo, Mr. José Manuel Martínez Rivera was briefed, received and signed a copy of the Politics regarding Sexual Harassment and The Manual of Politics and Behavior of Circo Bar.

14. Mr. Jose Manuel Martinez-Rivera worked at Circo Bar for about four months up to the date of February 6th, 2014.

15. On February 6th, 2014 Mr. Jose Manuel Martinez Rivera voluntarily quit his job repeating over and over the phrase "I fucking quit" in front of other employees.

16. Mr. Jose Manuel Martinez voluntarily resigned the job after Circo Bar's security personnel and other employees had to stop an intoxicated Mr. Martinez from violently attacking one of his supervisors, plaintiff Bruce Lee-Andrade. This intoxication taking place while on his shift.

17. The aggression from Mr. Jose Manuel Martinez Rivera against Plaintiff Bruce Lee-Andrade left behind physical and emotional damage.

18. Physical damages consist of a series of hits taken in chest and ribs.

19. The pain felt by Plaintiff Bruce Lee-Andrade was so intense he had to seek emergency care in the Ashford Presbyterian Hospital. X-rays on both chest and ribs were performed on Plaintiff Bruce Lee- Andrade along with an electrocardiogram among other studies.

20. As a result of these Plaintiff Bruce Lee Andrade was diagnosed with trauma to the chest and a criminal complaint was filed against Mr. Jose Manuel Martinez.

21. There was no administrative action was taken against Defendant Jose Manuel Martinez Rivera regarding his violation of CIRCO's politics and manuals of conduct.

22. At no time during Mr. Jose Manuel Martinez's employment or during the two months following this altercation and subsequent resignation of his job, the defendant did not complain about his claims in his lawsuit to the administration of CIRCO.

23. At no time during Mr. Jose Manuel Martinez's employment or during the two months following this altercation and subsequent resignation of his job, the defendant did not complain about his claims in his lawsuit to the owner of CIRCO.

24. At no time during Mr. Jose Manuel Martinez's employment before his resignation of his job, did the defendant complain about his claims in his lawsuit to any co-worker from CIRCO. Within days after voluntarily resigning, defendant Jose Manuel Martinez Rivera joined Jirafa Verde which was a direct competitor to CIRCO. This before fleeing the island heading to Houston, Texas contemporaneously to the filing of his lawsuit.

25. After these two months, the defendant Jose Manuel Martinez Rivera filed lawsuit in local court (Case #KPE2014-0885) on April 2nd, 2014 at the San Juan Superior Court in the Commonwealth of Puerto Rico. Said Complaint was filed frivolously and maliciously against Plaintiffs claiming unjustified dismissal, sexual harassment, unpaid salaries, and damages.

26. Defendant also stated on the aforementioned suit being victim of public humiliation and harassment on behalf of Plaintiff Brian Healy.

27. Prior to making any attempt to serve the lawsuit on Circo, defendant Jose Manuel Martinez Rivera delivered copy of the lawsuit to reporter Mariana Cobian who works for El Nuevo Día and Primera Hora both newspapers with island wide reach. Where the publication of two scathing articles on April 22, 2014 have done irreparable damage to the image and reputation of the plaintiffs.

28. From that moment began the inception of the utterly false accusations against the present Plaintiffs all looking for monetary gain, and the desire to ruin Defendants' reputation.

29. On May 27th, 2014, defendant Jose Manuel Martinez Rivera conspired to have Mr. Alexis Colon file almost the exact lawsuit against the defendants on behalf of Mr. Alexis Colon.

30. The Alexis Colon lawsuit was filed with the same office of lawyers that filed the previous lawsuit against the plaintiffs.

31. This newly filed case by Mr. Alexis Colon against defendants was dismissed on august 2015.

32. Mr. Jose Manuel Martinez Rivera even carried an effort after his resignation from Circo to recruit other employees for the filing of similar lawsuits that contained the same false claims and even carried on conversations of forming a union against the Plaintiffs, all these to no avail.

33. On September 8th, 2015 and notified on September 15th, 2015 The San Juan Court dismissed the cause of action for alleged violation of constitutional rights.

34. On September 8th, 2015 and notified on September 15th, 2015 The San Juan Court dismissed the cause of action for alleged damages.

35. On the date of October 13th, 2015 Plaintiff Bruce Lee Andrade filed a counterclaim to the lawsuit.

36. On the 25th of April 2016 deposition of Defendant Jose Manuel Martinez Rivera was taken which put him in contempt.

37. The before mentioned deposition was abruptly ended because Mr. Jose Manuel Martinez Rivera perjured himself within the first hour.

38. On the date of June 30th, 2016, the civil case judge referred Defendant Jose Manuel Martinez Rivera to the prosecutor's office for perjury prosecution where he was ordered to

turn in his phone to the corresponding authorities in order for it to be examined by a forensics team.

39. There were multiple fierce attempts by Mr. Jose Manuel Martinez trying not to comply with the court order to turn in his phone but ultimately, he complied.

40. The cellphone in question has evidence of the planification of the extortion attempts against CIRCO and its administration.

41. To this date the cellphone is under the possession of the authorities in the San Juan Courthouse and we hereby request that this does not change, for its contents are invaluable foundation to this lawsuit.  We strongly suggest the Federal Court take possession to safeguard the evidence.

42. On Mach 15ᵗʰ, 2018 the case brought forth by Defendant Jose Manuel Martinez Rivera was dismissed with prejudice after his withdrawal. This action was taken in order to ensure that the contents of the cellphone under the courts possession ere not uncovered, even though the judge on the case had already ordered the investigation and evidence discovery.  This action taken in his ongoing efforts to avoid criminal prosecution for perjury by Puerto Rico law enforcement.

43. CIRCO and its administrators had to incur in legal expenses estimated to be over one hundred thousand dollars ($100,000.00).

44. CIRCO has been rejected by three (3) different Insurers and unable to secure insurance policies from those three (3) Insurers at any price to insure against false claims, after this false claim that Defendant Jose Manuel Martinez Rivera brought forward.

45. The admission of the falsehood regarding the Defendant Jose Manuel Martinez Rivera's claim was confirmed precisely on March 15, 2018.

## V.    FIRST CLAIM OF RELIEF – MALICIOUS PROSECUTION

46. Paragraphs 1 to 46 are hereby incorporated by reference.

47. Pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31, §5141, any person who causes damages to another through negligence or fault, is obligated to repair the damages caused.

48. In the present case, Defendant Jose Manuel Martinez Rivera was negligent and directly responsible of Malicious Prosecution by filing a frivolous, unfounded and defamatory Complaint and Lawsuit against Plaintiffs.

49. Defendant Jose Manuel Martinez filed a civil lawsuit against an all Plaintiffs without worthy cause, maliciously, and for an inappropriate reason forcing them to incur in legal expenses and defend themselves and their business that is their livelihood.

50. Malicious Prosecution cases must meet a four (4) prong prerogative:

   a. *The original case was terminated in favor of the Plaintiff (who was the Defendant in the original case) – this case must have ended before a malicious prosecution suit can be filed.*

   b. *The plaintiff filed, or played an active role in, the original case – the plaintiff must have been responsible for bringing the original case, not simply have been a participant in the case or trial.*

   c. *The defendant had no reasonable grounds, or probable cause, to file and pursue the original case – it must be proven that the defendant had no actual belief that the plaintiff was guilty or liable in the original case.*

d. *The defendant filed or pursued the original case for an improper purpose – it must be proven that the defendant pursued the original case for an abusive purpose, such as a desire to ruin the plaintiff's reputation, or simply out of malice or ill will.*

51. All the aforementioned requirements are present in this case:

a. *Case was terminated in favor of the current Plaintiff.*

b. *Defendant Jose Manuel Martinez-Rivera was the filer and precursor in the original State Complaint.*

c. *Defendant's post-employment numerous comments to other employees of CIRCO Bar clearly determined his state of mind, which was the improper and abusive purpose of the original case:* **malice, financial gain, and the desire to ruin Defendants' reputation.**

52. As a direct result of the Defendant's actions and negligence, all Plaintiff's suffered institutional (or personal) and emotional injuries of a permanent nature, which were caused by the acts, actions and negligence previously described.

53. Defendant's must be held liable for any expense, cost, loss, or damage sustained by the Plaintiff's because of their negligence and/or actions.

54. Wherefore, Defendant Circo Group, LLC; claims damages for loss of business revenue, incurred legal expenses, tarnished reputation within the community as a result of the actions of these Defendants in the amount in excess of $200,000.00; and Co-Defendant Brian Healy claims damages for the mental and emotional distress that he suffered as a result of the actions of Defendant's, and for as legal expenses incurred as a result of the actions of Defendant's in an amount in excess of $200,000.00; and co-Defendant Bruce Lee Andrade claims damages for the mental and emotional distress that he suffered as a

result of the actions of Plaintiff, and for as legal expenses incurred as a result of the actions of Plaintiff in an amount in excess of $200,000.00.

## VI.   SECOND CLAIM OF RELIEF – TEMERITY, DAMAGES, ATTORNEY'S FEES, AND EXPENSES.

55. Defendant reiterates and re-alleges all factual allegations contained in paragraphs 1 through 55 with the same force and effect as if fully alleged herein.

56. Plaintiffs, despite Defendant's good faith attempts to resolve their differences, have intentionally refused to deal in good faith to resolve the issues raised in this action.

57. Plaintiff's, by their actions, have engaged in temerity and obstinacy, even though they were aware they have no defense in this case and should have desisted accordingly.

58. Consequently, Defendants are entitled to an award of costs, disbursements, and attorney's fees in this case.

## VII.   THIRD CLAIM OF RELIEF – LIBEL & FALSE ACUSATIONS PER SE AGAINST ALL PLAINTIFFS

59. Defendant reiterates and re-alleges all factual allegations contained in paragraphs 56 through 59 with the same force and effect as if fully alleged herein.

60. In the case K PE2014-0885 at the San Juan Superior Court in the Commonwealth of Puerto Rico false claims were made against All Plaintiffs.

61. These false accusations were made intentionally, maliciously and willfully intended to harm the reputation and esteem of All Plaintiffs in all levels. This damages in reputation of All Plaintiffs caused loss of income and for such should be reimbursed.

62. The completely false accusations also caused irreparable damage to the reputation of the All Plaintiffs as honest and responsible employers and/or business professionals.

## VIII.    FOURTH CLAIM OF RELIEF – PUNITIVE DAMAGES

63. Defendant reiterates and re-alleges all factual allegations contained in paragraphs 59 through 62 with the same force and effect as if fully alleged herein.

64. Given the evident malicious intent on the part of the defendants, it is firmly believed that Punitive Damages should be considered by this Honorable Court.

**WHEREFORE,** Defendant respectfully demands that this Honorable Court enter a judgement whereby Plaintiffs are required to indemnify, reimburse and/or compensate Defendants for all injuries, losses, expenses, damages, liabilities, included but not limited to, costs and attorney's fees, that Defendants sustained as a consequence of any act or omission by Plaintiffs, in an amount of excess of $200,000.00, in each cause of action, together with costs and expenses incurred by Defendants; and Defendants also demand that they be awarded litigation costs and attorney's fees, together which such other and further relief as is just and proper.

**RESPECTFULLY SUMBITTED,** In San Juan, Puerto Rico this October 7th, 2018.

**I HEREBY CERTIFY** that on this date, I electronically filed an exact copy of the foregoing with the Clerk of the Court using the CM/ECF system.

**ESM LAW OFFICE**                                  **S/***Edgar L. Sanchez Mercado*
255 Ponce de León Avenue              EDGAR L. SANCHEZ-MERCADO, ESQ.
MCS Plaza, Suite 1207                            USDC-PR NO. 227004
San Juan, P.R. 00917
Tel. (787) 764-6752
Email 1: esmlawoffice@gmail.com
Email 2: assistantesmlawoffice@gmail.com